UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-62216-SMITH/VALLE

ANTHONY PENA,

    Plaintiff,

v.

DSM LOGISTICS CORP V, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Robert S. Norell's Verified Motion for Attorney's Fees (ECF No. 13) (the "Motion"). Attorney Norell represented the Plaintiff in connection with the default judgment entered in favor of Plaintiff and against Defendants DSM Logistics Corp. V and Diana M. Alvarez ("Defendants"). *See* (ECF No. 12). United States District Judge Rodney Smith has referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 14). The deadline for responding has passed and Defendants have failed to respond to the Motion.

Accordingly, having reviewed the Motion, and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED IN PART**. As discussed below, the undersigned recommends that attorney Norell be awarded a total of **$3,300** in fees and **$460** in costs.

## I. BACKGROUND

Plaintiff Anthony Pena ("Plaintiff") worked for Defendant DSM Logistics Corp V ("DSM") as a driver and installer and was not paid for certain days during the last pay period of his employment. *See generally* (ECF No. 1). Defendant Alvarez is the president and owner of DSM and had control over the day-to-day operations. *Id.* Defendant Alvarez told Plaintiff that company policy required that Plaintiff wait one month to receive his final paycheck because he did not give two-weeks notice prior to resigning. Nonetheless, DSM did not pay Plaintiff his final paycheck. *Id.*

On October 30, 2020, Plaintiff filed a Complaint against Defendants, seeking recovery for unpaid minimum wages under the Fair Labor Standards Act (the "FLSA") (Count I) and unpaid minimum wages under Florida Law (Count II). *Id.* Although Defendants were served, Defendants did not appear in this action or otherwise respond to the Complaint. *See* (ECF Nos. 6, 7, 8, 9, 10). Consequently, on February 1, 2021, the District Court granted Plaintiff's motion for default judgment and entered a final judgment in favor of Plaintiff and against Defendants. *See* (ECF Nos. 11, 12). In granting Plaintiff's motion for default final judgment, the Court found that Plaintiff was entitled to recover $910 for unpaid wages and $778.96 for liquidated damages (for a total judgment of $1,688.96), plus reasonable attorney's fees and costs. (ECF No. 12). Thereafter, attorney Norell filed the instant Motion seeking $4,200 in attorney's fees and $460 in costs. *See* (ECF No. 13).

## II. DISCUSSION

### A. Entitlement to Attorney's Fees

Under the "American Rule," litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contract. *See, e.g.*, *In re Martinez*, 416

F.3d 1286, 1288 (11th Cir. 2005).  Here, the FLSA provides for attorney's fees and costs to the prevailing party.  29 U.S.C. § 216(b) ("The court in [an FLSA action] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").  Accordingly, as the prevailing party by default final judgment, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.  *See* (ECF No. 12).

### B. The Lodestar Method of Determining Reasonable Fees

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299).  The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428.  When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies).  Although courts may apply either method, they cannot apply both.  *Bivins*, 548 F.3d at 1351.  Finally, courts

3

need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 837 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### 1. Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). The relevant market is "the place where the case is filed." *ACLU*, 168 F.3d at 427 (quotation marks and citation omitted).

Here, the relevant legal community is South Florida. Attorney Norell, as counsel for Plaintiff, requests an award of reasonable attorney's fees and litigation costs. *See generally* (ECF No. 13-2). Mr. Norell has been a member of the Southern District of Florida and the Florida Bar since 1994. *Id.* In addition, attorney Norell has been admitted to the bars of the Supreme Court of Florida, and the United States District Courts for the Southern and Middle Districts of Florida. *Id.* at 1. During his 27-year career, he has successfully obtained relief for litigants in matters including FLSA, Title VII, ADEA, FMLA and ERISA violations. *Id.* at 2. Currently, attorney Norell bills at $425 per hour and concentrates his practice on employment law.[1] *Id.* at 2.

In determining reasonable hourly rates in the relevant legal market, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546,

---

[1] The filings also contain references to other billing rates (e.g., $395), hours expended, and resulting fees and costs. *Compare* (ECF No. 13 at 5) *with* (ECF No. 13 at 7, 8). Those other rates appear to be typographical errors or remnants from a previous motion and do not pertain to the billing records and fees in this case.

1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[2]

The Court has considered the relevant *Johnson* factors, and has reviewed counsel's affidavit, and the record in this case. In support of counsel's request for attorney's fees and in compliance with the undersigned's order, *see* ECF No. 15, attorney Norell filed a Notice of Previously Awarded Fees and Costs (the "Notice"), listing cases where counsel has received comparable hourly rates in the Southern District of Florida. *See* (ECF No. 17). In one case, counsel was awarded $375 per hour. *See, e.g., Nicaty v. Maverick Pet Foods, Inc.*, No. 18-CV-63113-RKA (S.D. Fla. June 14, 2021 (ECF No. 28). Notably, however, the other cases listed in the Notice in which counsel was awarded higher hourly rates are distinguishable.[3] Moreover, courts in this District usually reserve the higher hourly rates sought by counsel for attorneys with many more years of experience. *See, e.g., Alexandre v. Millenia Housing Mngm't Ltd.*, No. 9:19-CV-80612-RKA (S.D. Fla. Mar. 4, 2020) (ECF No. 62) (recommending award of $400/hr to attorney with 39 years of experience); *Cf. Garcia v. Pajeoly Corp.*, No. 18-CV-23399, 2020 WL 764127, at *4 (S.D. Fla. Jan. 10, 2020), *report and recommendation adopted*, No. 18-CV-23399, 2020 WL 764035 (S.D. Fla. Jan. 31, 2020) (awarding hourly rates of $375 and $325 to attorneys with approximately 25 and 10 years of

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

[3] For example, *Sanders v. GEA Pizza - SLW Blvd., Inc.*, No. 20-CV-14412-KMM (ECF No. 22) (S.D. Fla. Feb. 3, 2021) involved court approval of an FLSA settlement where attorneys' fees and costs were agreed-upon. *See, Snyder v. A1 Prop. Pres., Inc.*, No. 8:12-CV-2014-T-17, 2013 WL 3155058, at *2 (M.D. Fla. June 19, 2013) (noting that "uncontested awards are not convincing evidence of reasonable market rates") (citations and quotations omitted). Similarly, *Toledo v. Vioss Vision, Inc.*, No. 18-CV-20309, 2019 WL 5689246, at *1 (S.D. Fla. Oct. 31, 2019) involved motions beyond a default judgment that are unlike the present case. Lastly, counsel references *Molieri v. Centurion*, No. 2017-002646-CA-06, as involving a class action where the Florida Circuit Court approved a higher hourly rate of $475. *See* (ECF No. 17 at 2). All these cases are factually and procedurally distinguishable from the instant FLSA case, which was resolved by default judgment.

experience, respectively). Furthermore, although counsel has substantial legal experience, the skills needed in this case fall within the usual realm of a labor law practice and do not warrant a higher hourly rate. Lastly, the Court is "deemed an expert on the issue of hourly rates in this community and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.' " *Fiedler v. Anglin's Beach Café, LLC,* No. 15-CV-60989, 2017 WL 1278632, at *1 (S.D. Fla. April 3, 2017) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Accordingly, based on his experience, qualifications, and the prevailing market rates in South Florida, the undersigned finds that $375 is a reasonable hourly rate for the work performed by attorney Norell. *See, e.g.,. Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 870526, at *2 (S.D. Fla. Mar. 9, 2021) (adopting the undersigned's recommendation that counsel be awarded fees at $350 an hour in an FLSA default judgment case).

### 2. Reasonable Hours Expended

Having determined the reasonable hourly rates, the undersigned next addresses the reasonableness of the hours expended by the attorneys working on the case. As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (quotations and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time

claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

The Court has reviewed attorney Norell's declaration, which describes the 8.8 hours expended by counsel:

> c. The time incurred on this case included the following: initial meeting with client and review of claim and documents provided by client; review and research of applicable law and formulation of theories of liability, preparation of retainer agreement, complaint and other documents for filing; preparation of a statement of claim based on review of records and information provided by Plaintiff, various communications with Plaintiff, review of several CM/ECF filings, preparation of a motion for clerk's default, a motion for default final judgment and declaration of damages, culminating with this motion for award of attorney's fees and costs and the attached declaration.

*See* (ECF No. 13-2 at 4).

Counsel also provided supporting billing records. *See* (ECF No. 13-1); S.D. Fla. L.R. 7.3(a)(5) (requiring counsel to provide the number of hours expended by each timekeeper and a description of the tasks done during those hours). Here, attorney Norell's billing records sufficiently detail the time spent on the different tasks. *See Dial HD, Inc. v. Clearone Comm'n, Inc.*, 536 F. App'x 927, 931 (11th Cir. 2013). Moreover, attorney Norell confirms that he did not request fees for any clerical or administrative tasks that would normally be performed by secretaries or other non-attorney assistants. (ECF No. 13-2 at 3).

Consequently, the undersigned recommends that attorney Norell be compensated for the 8.8 hours expended in this action.

In sum, attorney Norell should be awarded $3,300 in attorney's fees, for 8.8 hours of work at the reduced rate of $375/hr.

### C. Costs

Under 29 U.S.C. § 216(b), reasonable costs are recoverable. The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs anything not authorized by the statute. *See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Here, attorney Norell requests reimbursement of $460 for costs incurred for filing and service of process fees. *See* (ECF No. 13). More specifically, attorney Norell requests reimbursement for a $400 filing fee and a $60 fee for service of process.

Pursuant to 28 U.S.C. § 1920(1), the $400 fee for filing the Complaint is recoverable. Additionally, 28 U.S.C. § 1920(1) permits the court to award fees for private service of process, so long as they do not exceed the fees permitted by the statute. *Monelus v. Tocodrian, Inc*., 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009). The Court is guided by the statutory limits set forth in 28 C.F.R. § 0.114, which provides that fees charged by the United Sates Marshals Service for personal service of process are $65 per hour. *See also Monelus*, 609 F. Supp. 2d at 1333. Consequently, the undersigned recommends that attorney Norell be awarded $60 for service of process, for a total of $460 in costs.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Verified Motion for Attorney's Fees (ECF No. 13) be **GRANTED IN PART**. Attorney Norell should be awarded a total of **$3,300** in attorney's fees and **$460** in costs.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's

order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this June 29, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Rodney Smith
　　 All Counsel of Record